IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SILVERGATE PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 18-1962 (LPS) |
| v. | ) | C.A. No. 19-1067 (LPS) |
| | ) | |
| BIONPHARMA INC., | ) | |
| | ) | |
| Defendant. | ) | |
| SILVERGATE PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-678 (LPS) |
| | ) | |
| AMNEAL PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiff Silvergate Pharmaceuticals, Inc. ("Plaintiff" or "Silvergate"), and Defendant Bionpharma, Inc. ("Bionpharma") and Defendant Amneal Pharmaceuticals LLC ("Amneal") (collectively, "Defendants") (Plaintiff and Defendants together, "Parties" and each individually, a "Party") assert that they possess confidential information in the form of trade secrets or other confidential business, commercial, personal, proprietary, and/or technical information related to the subject matter of Civil Action Nos. 18-1962, 19-1067, and 19-678 (individually, an "Action" and collectively, "Actions"). These above-captioned Actions concern patent disputes relating to United States Patent Nos. 9,669,008 ("'008 Patent"), 9,808,442 ("'442 Patent"), 10,039,745 ("'745 Patent"), and 10,154,987 ("'987 Patent") (collectively, "Patents-in-Suit"). The Parties recognize that it may be necessary to disclose certain confidential information during the course of these Actions, and contemplate that non-parties may produce confidential information. Pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 26(c), and for good cause

shown, the Parties, by and through their respective undersigned counsel, hereby stipulate and consent to the entry of this Stipulated Protective Order ("Protective Order").

1.      **Definitions and Scope**

(a)      "Discovery Material" means any document, material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including but not limited to exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

(b)      Discovery Material designated as "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" by a Producing Party means such Discovery Material comprises or contains highly sensitive and/or proprietary technical, commercial, financial, or business information including without limitation:

(i)      trade secrets, ownership, management, corporate structure or organization, business and/or strategic plans, financial planning or performance, budgeting, advertising expenditures, accounting, decisions and/or processes, license agreements, negotiations, sales projections, profit projections, market share projections, pricing plans and pricing analysis, non-public sales data and analysis, non-public market share data, and non-public documents, materials, or information relating to present or prospective customers, dealers, and distributors (such as proposals, bids or contracts), current or future, the disclosure of which could result in severe competitive or commercial disadvantage to the Producing Party;

(ii)     as purporting to cover enalapril maleate oral solutions: non-public patent applications and files; non-public research, development, formulation, manufacture, testing, or evaluation of pharmaceuticals; approved or unapproved (whether pending or not yet filed) New Drug Applications ("NDA") or Abbreviated New Drug Applications ("ANDA"); non-public communications with the United States Food and Drug Administration ("FDA");

(iii)    information received under confidentiality restrictions or an agreement from vendors, suppliers, and/or third parties;

(iv)    private or confidential personal information, patient information, or personal health information including information protected under the Health Insurance Portability and Accountability Act of 1996;

(v)     drafts, attachments, or internal communications related to the foregoing.

HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER Discovery Material may be disclosed only to the individuals identified in Paragraph 5 below.

(c)     "Designated Material" means any Discovery Material designated by a Producing Party as HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.  Each Party shall act reasonably and in good faith in designating Discovery Material as HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.

(d)     "Producing Party" means any Party to the Actions or any non-party, including its counsel, retained experts and consultants, third party testing laboratories, directors, officers, employees, or agents, who produces any Discovery Material in the Actions.

(e)      "Receiving Party" means any Party to the Actions, including its counsel, retained experts and consultants, third party testing laboratories, directors, officers, employees, or agents, who receives any Discovery Material in the Actions.

(f)      This Protective Order encompasses not only Discovery Material that is expressly designated HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER, but also any information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony and oral conversations that reveal all or part of such information, and any other discovery taken or disclosures provided pursuant to the Federal Rules of Civil Procedure or District of Delaware Local Rules.

## 2.      Procedure for Marking and Designating Discovery Material

Marking Discovery Material as HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER shall be made by the Producing Party in the following manner:

(a)      In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" on each page of the document, or on the cover, or in a prominent place on any other tangible thing prior to production of the document or tangible thing.

(b)      In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection.  For the purposes of the inspection, all documents produced for inspection shall initially be considered as marked "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."  Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark such Designated Material as "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" based on the definitions discussed in Paragraph 1(b).

(c)     In the case of deposition testimony, transcripts, or portions thereof, designation shall be made by the Producing Party as follows:

(i)     on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" by the reporter;

(ii)    by written notice to the reporter and all counsel of record, given within thirty (30) calendar days after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review, in which case all counsel receiving the notice shall be responsible for marking the copies of the designated transcript or portion(s) thereof in their possession or control as directed by the Producing Party or deponent; or

(iii)   by written notice to the reporter and all counsel of record, given within thirty (30) calendar days after reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review, that certain portions can be re-designated as not confidential.   Pending expiration of the thirty (30) calendar days, all Parties and, if applicable, any third party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."

No person shall attend the portions of depositions designated HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER unless that person is an authorized recipient of material

designated HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Protective Order or the Parties agree to that person's attendance.

3.      **Challenging Designations**

(a)      No Party to these Actions shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a later challenge to the propriety of the designation in these Actions.

(b)      Any Party may contest a claim of confidentiality.  Any Party objecting to the designation of any Discovery Material as HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER must serve outside counsel of record for the Producing Party written notice of its reasons, described with particularity, for the objection, and identify the information, preferably by production number.  Counsel for the Producing Party shall respond in writing to such objection within five (5) business days[1] and shall state with particularity the grounds for asserting that the Discovery Material is HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.

(c)      Failing resolution after ten (10) business days from service of the objecting Party's written notice of reasons for objection, the objecting Party may seek an order changing or removing the designation.  In resolving the matter, the burden of establishing confidentiality shall be on the Party who made the claim of confidentiality, *i.e.*, the Producing Party, but information designated as HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER shall be deemed so designated until the matter is resolved.

---

[1] A "business day" is a day on which the Clerk's Office of the United States District Court for the District of Delaware is open.

4.     **Restrictions on Disclosure and Use**

(a)     CONFIDENTIALITY

Designated Material and the information derived from the Designated Material (excluding information which is derived lawfully from an independent source) shall not be given, shown, made available, discussed, or otherwise communicated in any manner, to any person not authorized to receive the information pursuant to the terms of this Protective Order, unless and to the extent that this Protective Order is otherwise modified by court order.   Any summary, compilation, notes, memoranda, analysis, electronic image, or database containing Designated Material shall be subject to the terms of this Protective Order to the same extent as the material or information from which the summary, compilation, notes, memoranda, analysis, electronic image, or database is derived.

(b)     RESTRICTIONS ON USE

Absent an agreement of the Producing Party or an order to the contrary by this Court, each Party and all other persons bound by the terms of this Protective Order shall use any material designated as HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER solely for purposes of these Actions and any appeal therefrom.   Such Designated Material shall not be used for any other purpose, including, without limitation, any business, commercial, competitive, personal, or other purpose.

Specifically, HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER material obtained from these Actions shall not be submitted, used, or relied upon to prepare submissions to the U.S. Food and Drug Administration ("FDA") or U.S. Patent and Trademark Office ("USPTO").   Counsel of record for the parties shall exercise reasonable care to ensure that

the information and documents governed by this Protective Order are (i) used only for the purpose specified herein, and (ii) disclosed only to authorized persons.

Absent consent of the Producing Party or further order of this Court, all outside counsel of record as defined in Paragraph 5(a) and designated in-house representatives as defined in Paragraph 5(k) who are substantively involved in the drafting or prosecution of claims in patents and/or patent applications relating to the Patents-in-Suit (including any continuations, continuations-in-part, or divisionals thereof claiming enalapril maleate oral solutions, or processes for making enalapril maleate oral solutions, or methods of treatment involving enalapril maleate oral solutions) are excluded from access to information designated HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.  For the avoidance of doubt, being "substantively involved in the drafting or prosecution of claims in patents and/or patent applications" in the previous sentence shall mean the drafting or amending of claims, or providing direction or input on the drafting or amending of claims.  Outside counsel of record as defined in Paragraph 5(a) and designated in-house representatives as defined in Paragraph 5(k) who do have access to information designated HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER cannot participate in such aforementioned activities during the pendency of these Actions, including any appeals therefrom, and for twelve (12) months after the last of these Actions is finally terminated.

For clarity, nothing in this agreement prohibits persons with access to HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER information from participating in opposition, reexamination, *inter partes* review, or other post-grant proceedings (except reissue) before the USPTO or before any foreign patent-granting authority (collectively, "Post-Grant Proceedings").  However, no outside counsel of record as defined in Paragraph 5(a) or

designated in-house representatives as defined in Paragraph 5(k) who do have access to information designated HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER shall draft or provide any input on the drafting and/or amendment of claims in any Post-Grant Proceeding pertaining to enalapril maleate oral solutions during the pendency of these Actions, including any appeals therefrom, and for twelve (12) months after these Actions are terminated, but such outside counsel of record as defined in Paragraph 5(a) and designated in-house representatives as defined in Paragraph 5(k) may otherwise fully participate in all such Post-Grant Proceedings pertaining to enalapril maleate oral solutions.

For the avoidance of doubt, outside counsel who do not have access to information designated HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER under this Protective Order and in-house representatives other than those defined in Paragraph 5(k) are not restricted in any manner by this Paragraph 4(b), and for example, may therefore freely draft, amend, and/or prosecute claims before the USPTO or before any foreign patent-granting authority.  For the further avoidance of doubt, outside counsel who do not have "access" to Designated Material under this Protective Order means that such persons have not received Designated Material and will not attempt to obtain or view such Designated Material within the outside counsel firm's servers or other storage locations.  All outside counsel of record in these Actions are presumed to have "access" to Designated Material as that term is used in this Paragraph and are subject to the restrictions of this Paragraph 4(b).

(c)     MAINTENANCE OF DESIGNATED MATERIAL

Designated Material shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to only those persons entitled to have access pursuant to this Protective Order.

A Producing Party is free to do whatever it desires with its own Designated Material.

**5.      Access to Designated Material**

Designated Material shall be available only to the following persons subject to the terms of Paragraph 6:

(a)      Outside counsel of record to any Party in connection with these Actions, and the outside counsel's partners, associates, attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require and who actually have access to materials designated "HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," subject to the restrictions set forth in Paragraph 4(b).

(b)      The Court, including Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which these Actions are pending, and qualified court reporters;

(c)      Approved consultants or experts and their staff, but excluding employees, officers, or directors of a named Party, retained by any of the Parties or their counsel to consult or testify in these Actions subject to the terms of Paragraph 6(a);

(d)      Authors or drafters; addressees; anyone else who received the documents or information prior to the commencement of these Actions, or during these Actions, but only if they obtained the document or information outside of these Actions and not in violation of this Protective Order; provided that, in the case of former employees/consultants of the Producing Party permitted access pursuant to this provision, (i) the former employee/consultant reviews this Protective Order and executes the Agreement to be Bound by Protective Order, in the form shown in Exhibit A, which is attached hereto, prior to receiving Designated Material, (ii) the former employee/consultant of the Producing Party is not employed or retained by the Receiving

Party, and (iii) Designated Material is shared with the former employee/consultant of the Producing Party only during a deposition taken in these Actions.

(e)     Third party contractors and their employees involved in document management or copying services for these Actions;

(f)     Graphics or design services retained by counsel for a Party for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in these Actions;

(g)     Trial consulting services retained by a Party in these Actions;

(h)     Persons who have been retained by a Party to provide translation or interpretation from one language to another;

(i)     Third party testing laboratories and their staffs retained by any of the parties or their counsel for purposes of these Actions subject to the terms of Paragraph 6(b); and

(j)     Any other person authorized to receive HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER Designated Material by order of the Court or by written agreement of the parties;

(k)     Two (2) designated in-house representatives for each Party who have responsibility for maintaining and/or overseeing these Actions, as well as their secretarial and clerical staff, subject to the restrictions set forth in Paragraph 4(b).  Such representatives must execute a copy of the Agreement to be Bound by Protective Order (Exhibit A) prior to being given access to material designates as HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.

**6.      Conditions on Access to Designated Material**

(a)      CONSULTANTS AND EXPERTS

Prior to a Receiving Party giving, showing, disclosing, making available, or communicating Designated Material to any expert or consultant under Paragraph 5(c), the Receiving Party shall:

(i)      Provide written notice to the Producing Party identifying the expert or consultant and the following information:

(A)      The expert's or consultant's business address, present employer and position (including a job description), and job history;

(B)      a list of prior consulting relationships for companies involved in the development, manufacturing, marketing or sale of pharmaceutical products for the past five (5) years;

(C)      the case name, number, and location of the court for any litigation in connection with which the expert or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five (5) years; and

(D)      past or present relationship, if any, with the Receiving Party and/or Producing Party.

(E)      Furthermore, the most recent curriculum vitae or resume of the expert or consultant shall be provided pursuant to this section.  If the most recent curriculum vitae or resume of the expert or

consultant provides the information required pursuant to this Paragraph, then the information need not be separately provided.

(ii)     Include with the notice, a copy of Agreement to be Bound by Protective Order (Exhibit A), signed by the expert or consultant.

(iii)    The Producing Party shall be entitled to object to any disclosure of Designated Material to the expert or consultant within five (5) business days after receipt of the Agreement to be Bound by Protective Order by stating specifically in writing the reasons why the identified expert or consultant should not receive the Designated Material.    Proper objectionable grounds include but are not limited to:

    (A)     The proposed expert or consultant is currently employed or anticipates future employment by Plaintiff or Defendant(s);

    (B)     The proposed expert or consultant is performing work-related to any product that is the subject of the Patents-in-Suit separate and apart from the work performed in connection with these Actions;

    (C)     The proposed expert or consultant is performing work related to any pharmaceutical drug product designed to directly compete with the products involved in these Actions.

(iv)    If the Parties are unable to agree on disclosure of Designated Material to the expert or consultant, the objecting Party may apply to the Court for an order that disclosure is improper within ten (10) calendar days of its

objection.  The burden of establishing the validity of written objections rests with the objecting Party.  If the objecting Party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn by using the procedure set forth in Paragraph 7(h) of the Scheduling Order (No. 18-1962, D.I. 29).

(v)     No disclosure of the Designated Material shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served and a submission to prevent disclosure is filed, until the Court has made a ruling thereon, and then, only in accordance with that ruling.

(vi)    The filing and pendency of objections shall not limit, delay, or defer any disclosures of Designated Material to the expert or consultant as to whom no objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting Party's ability to conduct that discovery.

(b)     THIRD PARTY TESTING LABORATORIES

Counsel may use the services of third party testing laboratories to perform tests and analyses for the Actions on Designated Material marked HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER.  Prior to a Receiving Party giving, showing, disclosing, making available, or communicating Designated Material to any third party testing laboratory pursuant to Paragraph 5(i) above, the Receiving Party shall:

(i)     Provide written notice to the Producing Party, identifying the third party testing laboratory, the third party testing laboratory's business address,

and past or present relationship, if any, the third party testing laboratory has/had with the Receiving Party and/or Producing Party.

(ii)    Include with the notice a copy of the Agreement to be Bound by Protective Order (Exhibit A), signed by a representative of the third party testing laboratory.

(iii)    The Producing Party shall be entitled to object to the disclosure of Designated Material to the third party testing laboratory within ten (10) calendar days after receipt of the Acknowledgment of Protective Order by stating specifically in writing the reasons why the third party testing laboratory should not receive the Designated Material.

(iv)    If the parties are unable to agree on the disclosure to the third party testing laboratory, the objecting Party may apply to the Court for an order that disclosure of Designated Material is improper within ten (10) calendar days of its objection.  The burden of establishing the validity of written objections rests with the objecting Party.  If the objecting Party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn by using the procedure set forth in Paragraph 7(h) of the Scheduling Order (No. 18-1962, D.I. 29).

(v)    No disclosure of the Designated Material shall be made to the proposed third party testing laboratory until the time for serving objections to that third party testing laboratory has passed, or, in the event that a written objection is timely served and a submission to prevent disclosure is filed,

until the Court has made a ruling thereon, and then, only in accordance with that ruling.

(vi)     The filing and pendency of objections shall not limit, delay, or defer any disclosures of Designated Material to third party testing laboratories as to whom no objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting Party's ability to conduct that discovery.

(c)     AUTHORIZATION AND ACKNOWLEDGEMENT

Persons or firms retained by Plaintiff or Defendant(s) to whom Designated Material is to be given, shown, disclosed, made available, or communicated in any way in accordance with this Protective Order (excluding the Court, *e.g.*, Judges, Magistrate Judges, law clerks, qualified court reporters, and clerical personnel of the Court before which these Actions are pending; and outside counsel of record to any Party in connection with these Actions and the outside counsel's partners, associates, attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to materials designated HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER), shall first execute an Agreement to be Bound by Protective Order (Exhibit A).  Counsel for the Receiving Party shall keep in his or her files an original of each executed Acknowledgment of Protective Order until sixty (60) calendar days after the final termination of these Actions.

7.      **Procedures for Filing Papers with Designated Material**

Designated Material may be included with, or referred to in, papers filed with the Court where these Actions are now pending or in any other court only in accordance with the following procedures:

(a)     The Designated Material must be filed under seal in accordance with the applicable procedures set forth in the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware and any Orders of the Court.

(b)     All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include all or any portion of information set forth in Designated Material must be filed under seal in accordance with the terms and procedures set forth in this Order, including the procedures for filing materials set forth above in Paragraph 7(a).  Counsel for the Party filing papers with Designated Material shall be responsible for designating all papers filed with the Court as Designated Material and marked as HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER depending on the contents of the papers being filed.  The papers shall be subject to the terms of this Order.

8.      **Redacted Filings of Papers with Designated Material**

Redacted versions of papers with Designated Materials filed under seal must be filed with the Court in accordance with the applicable procedures set forth in the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware and any orders of the Court, and made publicly available provided that:

(a)     All Designated Material set forth in the papers is deleted or obscured and all Designated Material is removed as exhibits; and

(b)     Redacted versions of the papers are clearly marked "REDACTED PUBLIC VERSION" or a similar legend.  Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

**9.     Unintentional Failure to Designate and Inadvertent Production**

If, through inadvertence, regardless of reason or circumstances, a Producing Party provides any Designated Material in these Actions without designating and marking the Designated Material as HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material.  The Receiving Party shall treat the disclosed Designated Material as HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Designated Material to persons not authorized to receive that material under Paragraph 5.

Disclosure of Designated Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Protective Order.  However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party promptly will take the steps reasonably necessary to (i) conform distribution to the categorical designation, *i.e.*, by retrieval and destruction of all copies of the Designated Material, or notes or extracts thereof, in the possession of the person(s) not authorized under this Protective Order to possess the Designated Material; (ii) advise the person(s) to whom disclosure was made that the material is confidential and should be treated as provided in the Protective Order, and (iii) confirm to the Producing Party in writing the retrieval or destruction.  In the event the Receiving Party believes it has been prejudiced by any

inadvertent failure to designate, the Receiving Party may contest the designation as set forth in Paragraph 3.

## 10.     Privileged Information

The Parties agree that, as to objections based on attorney-client privilege, work product, or other immunity from discovery pursuant to Fed. R. Civ. P. 26 and Federal Rule of Evidence ("F.R.E.") 502, in response to requests for production pursuant to Fed. R. Civ. P. 34 and interrogatories pursuant to Fed. R. Civ. P. 33, to the extent that a Party is required at the time of making such objection to provide information identifying documents or information withheld from production because of objections based on privilege or immunity, the information shall be provided in the form of a privilege log at a mutually agreed upon time on or before the close of fact discovery.  The Parties agree that production of a privilege log at the mutually agreed upon time shall not constitute waiver of the asserted privilege or immunity as to any document or information.

Counsel shall exert their best efforts to identify documents or material protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest doctrine, or any other privilege or immunity prior to the disclosure of any documents or material.  If, however, a Party unintentionally regardless of reason or circumstances, discloses documents or material that is privileged or otherwise immune from discovery, the Party shall, promptly upon discovery of the disclosure, so advise the Receiving Party in writing, request the documents or material be returned or destroyed, and attach a privilege log entry within twenty (20) calendar days pertaining to the documents or material that is privileged or otherwise immune from discovery.  If that request is made and the privilege log provided, no Party to the Actions shall thereafter assert that the disclosure waived any privilege or immunity.

It is further agreed that the Receiving Party will return or destroy the inadvertently produced documents or material, and all copies and derivations (including any notes or work product made therefrom), within five (5) business days of the Receiving Party's receipt of a written request for the return of the documents or material.  The Receiving Party having returned or destroyed the inadvertently produced documents or material may thereafter seek production of the documents or material in accordance with the Federal Rules of Civil Procedure, but cannot assert that the privilege has been waived due to the unintentional disclosure.  These procedures are not intended to in any way limit the right of a Party to argue pursuant to F.R.E. 502 or any other law that any inadvertent production did not constitute a waiver, except that the Receiving Party shall not sequester or retain the inadvertently produced documents in any manner or for any purpose, including for purposes of challenging the privilege claim.

In the event that a Receiving Party, in good faith, believes that the document(s) or tangible item(s) that were withdrawn by the Party claiming privilege are not properly subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, the Receiving Party may only use the privilege log as the basis for any motion to compel, and not the contested document.  For the avoidance of doubt, the Court (including Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which these Actions are pending) is permitted to review the contested document in-camera in conjunction with a motion to compel.

## 11.   Information Not Covered by Protective Order

The restrictions set forth in this Protective Order shall not apply to information which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of or becomes known to the Receiving Party or lawfully comes into the possession of or otherwise becomes

known to the public after the date of its transmission to the Receiving Party, provided that the information does not become publicly known by any act or omission of the Receiving Party which would be in violation of this Protective Order.

**12.     Responsibility of Attorneys**

Outside counsel of record shall be responsible for providing a copy of this Protective Order to all persons entitled access to Designated Material under Paragraph 5 and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated.  All copies, extracts and translations must be appropriately marked and are subject to Paragraph 13 of this Protective Order.

**13.     Final Disposition**

Upon termination, settlement, or final judgment of these Actions, including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within ninety (90) calendar days.  However, outside counsel may retain court filings and other pleadings and discovery served; trial, deposition, and hearing transcripts; correspondence; expert reports; attorney and consultant work product; and deposition and trial exhibits for archival purposes.  If Designated Material is destroyed pursuant to this Paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification that the destruction was performed.  The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of these Actions.

**14.  No Limitation on Other Rights**

This Protective Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

**15.  Release from or Modification of Protective Order**

This Protective Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection; or to release, rescind, or modify the restrictions of this Protective Order; to determine whether a particular person shall be entitled to receive any particular information; or to seek relief from inadvertent disclosure of privileged or work-product information.  This Protective Order does not preclude all of the parties to this Protective Order from entering into any stipulation (in writing or on the record) constituting a modification of this Protective Order.  On any application seeking disclosures beyond those authorized by this Protective Order, the burden will be on the Receiving Party to justify the disclosure.

**16.  Other Proceedings**

By entering this Protective Order and limiting the disclosure of information in these Actions, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this Protective Order who becomes subject to a motion to disclose another Party's information designated HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER pursuant to this Protective Order in another case shall promptly notify that other Party of the motion so that the other Party may have an opportunity to appear and be heard on whether that information should be disclosed.

17.    **Discovery from Third Parties**

If discovery is sought of a person not a Party to these Actions (*i.e.*, a third party) requiring disclosure of said third party's Designated Material, the Designated Material disclosed by the third party will be accorded the same protection as the parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the parties' Designated Material pursuant to this Protective Order.  Should a Party to these Actions have a good faith basis that the third party production may contain a Party's confidential information, that Party shall be allowed to designate that information according to this Protective Order within twenty-one (21) calendar days of receipt of that production.

18.    **Admissibility**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to the Action.  The marking of Designated Material as HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER pursuant to this Protective Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to these Actions pursuant to the terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings, provided, however, that every effort shall be made, through the use of procedures agreed upon by the Parties or otherwise, to preserve the confidentiality of Designated Material.

19.    **Non-Party Request and/or Subpoena of Designated Material**

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Protective Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel of record for the Producing Party within five (5) business days after receipt of the subpoena or other compulsory

process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process.  If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a court order or consent of the Producing Party.  In the event that Designated Material is produced to the non-party, the material shall be treated as HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER pursuant to this Protective Order.

**20.     Unintentional Disclosure of Designated Material**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of the Designated Material, and to bind the person to the terms of this Protective Order.  In that event, the Receiving Party shall also (i) promptly inform that person of all the provisions of this Protective Order; (ii) identify that person immediately to the Producing Party; and (iii) request that person to execute the Agreement to be Bound by Protective Order (Exhibit A) and confirm destruction or return of the material and all copies and derivations (including any notes or work product made therefrom).

**21.     Counsel's Right to Provide Advice**

Nothing in this Protective Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's Party-client with respect to these Actions, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering advice and in otherwise communicating with the Party-client, the counsel shall not

disclose any Designated Material to anyone not authorized to receive Designated Material pursuant to the terms of this Protective Order.

**22.    No Contract**

To the extent that the parties have agreed on the terms of this Protective Order, this stipulation is for the Court's consideration and approval as an order.  The Parties' stipulation shall not be construed to create a contract between the Parties, or between the Parties and their respective counsel.

**23.    Effective Date**

This Protective Order shall be effective on the date of its execution, provided that all material previously produced shall be deemed HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER unless and until they are re-designated by the Producing Party or by further order of the Court.

**24.    Termination**

The termination of these Actions shall not automatically terminate the effectiveness of this Protective Order.   Persons subject to this Protective Order shall be bound by the confidentiality obligations of this Protective Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

**SO ORDERED** this _____ day of _____, 2019

_____
Chief, United States District Judge

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mdellinger@mnat.com

*Attorneys for Plaintiff Silvergate*
*Pharmaceuticals, Inc.*

OF COUNSEL:

Wendy L. Devine
Kristina M. Hanson
Yan-Xin Li
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA  94105
(415) 947-2000

Natalie J. Morgan
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real, Suite 200
San Diego, CA  92130-3002
(858) 350-2300

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801-1494
(302) 888-6855
kdorsney@morrisjames.com

*Attorneys for Defendant Bionpharma Inc.*

OF COUNSEL:

Brian P. Murray
Andrew M. Alul
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL  60601
(312) 527-4000

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Samantha G. Wilson*

_____

OF COUNSEL:

Steven Maddox
Jeremy Edwards
Matthew Ruedy
Kaveh Saba
MADDOX EDWARDS, PLLC
1900 K Street NW, Suite 725
Washington, D.C.  20006
(202) 830-0707

December 11, 2019

Anne Shea Gaza (#4093)
Samantha G. Wilson (#5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
T: (302) 571-6600
agaza@ycst.com
swilson@ycst.com

*Attorneys for Defendant Amneal*
*Pharmaceuticals LLC*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SILVERGATE PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 18-1962 (LPS) |
| v. | ) | C.A. No. 19-1067 (LPS) |
| | ) | |
| BIONPHARMA INC., | ) | |
| | ) | |
| Defendant. | ) | |
| SILVERGATE PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-678 (LPS) |
| | ) | |
| AMNEAL PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>**

I, _____, state that:

  1.    My present employer is _____; and

my work address is _____

_____.

  2.    My present occupation or job description is _____

_____.

  3.    My relationship to a Party/the Parties in the Action(s) is _____

_____.

A – 1

4.      I have carefully read and understood the provisions of the Protective Order in these Actions signed by the Court, and I will comply with and agree to be bound by all provisions of the Protective Order.

5.      I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Discovery Material designated HIGHLY CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER (*i.e.*, Designated Material) or any words, summaries, abstracts, or indices of such information disclosed to me.

6.      I will only use Designated Material disclosed to me solely for the purposes of these Actions.

7.      No later than the final conclusion of the last of these Actions , I will return, or certify complete destruction of, all Designated Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to outside counsel for the Party/Parties for whom I am/was employed or have been retained.

8.      I agree to submit myself to the jurisdiction of the United States District Court for the District of Delaware, or other jurisdiction where these Actions may be pending, for the purpose of enforcing the terms of this undertaking.

9.      I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

10.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____         _____

                                                              [Signature]

                                                 _____

                                                            [Printed Name]

A – 3