## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SILVERGATE PHARMACEUTICALS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 18-1962 (LPS) |
| | : | C.A. No. 19-1067 (LPS) |
| BIONPHARMA INC., | : | |
| Defendant. | : | |
| SILVERGATE PHARMACEUTICALS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 19-678 (LPS) |
| AMNEAL PHARMACEUTICALS LLC, | : | |
| Defendant. | : | |

## **MEMORANDUM ORDER**

At Wilmington this 22nd day of January, 2021:

Having reviewed the proposed pretrial order ("PTO") submitted by Plaintiff and Defendants (C.A. No. 18-1962 D.I. 170; C.A. No. 19-1067 D.I. 157; C.A. No. 19-678 D.I. 142), IT IS HEREBY ORDERED that:

1. The parties shall be prepared to discuss at today's pretrial conference ("PTC") the following issues raised in the PTO:

    a. Whether there is a dispute as to who might be excluded if the courtroom is sealed (PTO ¶ 86); and

    b. Whether certain expert testimony may apply to both Defendants or whether all such testimony must be separately provided with respect to each Defendant (PTO ¶ 87).

1

2.	Concerning the order of proof (PTO ¶ 35), the Court will permit rebuttal arguments and will permit Plaintiff to have a sur-rebuttal argument (i.e., the last word at trial), provided that the party wishing to make such argument has time remaining.

3.	Concerning the disputes at PTO ¶¶ 52 and 54, the Court adopts Defendants' proposal; exhibits may be used on cross-examination (even for non-impeachment purposes) even if not listed in the PTO.

4.	Concerning PTO ¶ 80, the Court **WILL** (not "may") terminate a party's presentation if that party has used all of its allotted trial time.

5.	Concerning the dispute at PTO ¶ 84, the Court adopts Defendants' proposal; while claim limitations alleged to be obvious must be found in the prior art specified in PTO ¶ 84, other obviousness-related matters such as background and motivation to combine may be proven by reference to other prior art references.

6.	Concerning the dispute at PTO ¶ 85, the Court adopts Defendants' proposal; the Court will consider closing the courtroom for limited times provided that adequate advance notice is given to the Court and opposing counsel of intent to request closure and provided that a showing consistent with governing law is made.

7.	All objections to admissibility of exhibits and expected use of demonstrative exhibits that the parties are unable to resolve without judicial intervention must be raised with the Court at the beginning of the trial day on which it is anticipated that the exhibit is to be used. Failure to comply with this Order will result in waiver of the objection. A party will be charged for all time it spends arguing for or against such objections and for half of the time the Court requires to resolve such objections.

8.	The Court will confer with the parties at the conclusion of trial to determine an

appropriate schedule and all necessary page limits for post-trial briefing and other submissions.

9. Based on the Court's understanding of the number and scope of the parties' disputes – which include allegations of infringement of 15 claims of four patents against two Defendants as well as invalidity based on obviousness, enablement, and written description – and considering the parties' requests for time (each side seeks 17.5 hours) (*see* PTO ¶ 81), the Court will allocate ***between 12 and 14 hours per side***, with the final amount to be determined at the PTC. In the Court's view, this case can be effectively litigated, with both sides having the opportunity to make full and fair presentations, in the hours being allocated by the Court.

10. Trial will be held at some or all of the following times, subject to the parties' time limits and the Court's other commitments:

    February 1, 2021:    8:30 am to 5:30 pm

    February 2, 2021:    8:30 am to 5:30 pm

    February 3, 2021:    8:30 am to 4:00 pm

    February 4, 2021:    10:00 am to 4:00 pm

    February 5, 2021:    9:30 am to 5:30 pm

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE