# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

Megan E. Dellinger
(302) 351-9366
mdellinger@morrisnichols.com

Original Filing Date: March 9, 2021
Public Filing Date: March 11, 2021

**PUBLIC VERSION**

The Honorable Leonard P. Stark
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE  19801

Re:    *Silvergate Pharmaceuticals, Inc. v. Bionpharma Inc.*,
       C.A. Nos. 18-1962 (LPS), 19-1067 (LPS) & 20-1256 (LPS)

Dear Chief Judge Stark:

Plaintiff Silvergate respectfully requests that the Court consider this brief letter in response to Defendant Bionpharma's March 8, 2021 letter (D.I. 212)[1] concerning a preliminary injunction briefing schedule.

First, and importantly, Bionpharma's letter admits that the parties are ***in agreement*** as to the actual briefing schedule proposed by Silvergate: March 23, 2021 for Silvergate's opening brief; April 6 for Bionpharma's answering brief; and April 16 for Silvergate's reply brief.  *See* D.I. 207 at 2; D.I. 212 at 5.

Second, Bionpharma mischaracterizes Silvergate's March 5 letter, and cites to a litany of cases—none from this District—as alleged support that it should not be required to provide notice of launch.  D.I. 207 at 3.  To be clear, Silvergate is not seeking an order requiring Bionpharma to provide Silvergate with notice of launch.  Rather, Silvergate is seeking the Court's assistance either (i) in the absence of a voluntary disclosure from Bionpharma of at-risk launch, to enter an agreed-upon preliminary injunction briefing schedule such that the Court and the parties have certainty as to deadlines; or (ii) to order an alternative mechanism by which the parties will address preliminary injunction briefing at a later date—if necessary.  Thus, the cases cited by Bionpharma are inapposite.[2]

---

[1]    Unless otherwise noted, docket entries will reference C.A. No. 18-1962.

[2]    Not only does Bionpharma rely upon cases from other districts, Bionpharma ignores that the applicable local patent rules in most of those districts require production of FDA correspondence

The Honorable Leonard P. Stark
March 9, 2021
Page 2

      The real dispute at this point appears to be Bionpharma's demand that Silvergate reduce the number of asserted claims in any preliminary injunction briefing to "no more than 3 from each of [the '868, '482, '621] Patents"—and that it be required to do so weeks in advance of filing its motion. This position is contrary to Bionpharma's position that the parties should be kept "on a level playing field."[3]  Given Bionpharma's (albeit incorrect) assertion that these new patents supposedly rise and fall with the outcome of the two patents currently in post-trial briefing, there is no reason that Silvergate should be required to limit the claims as Bionpharma proposes, so far in advance of filing its opening brief. The page limits for the briefs will be a natural limitation on the number of claims that can be at issue, as Bionpharma concedes.  D.I. 212 at 4.  In fact, Bionpharma's request puts Silvergate at a "severe disadvantage."  Silvergate asked if Bionpharma would provide any notice of its invalidity assertions with respect to the '868, '482, and '621 patents—especially because Bionpharma's Paragraph IV notice letters for the '868 and '482 patents are ***entirely devoid*** of any invalidity defense.  Bionpharma refused to provide any detail aside from vaguely noting it will assert invalidity arguments under 35 U.S.C. §§ 103 and 112.  In other words, Bionpharma demands that Silvergate reduce the asserted claims to only 9 claims completely blind while Bionpharma is permitted to keep its invalidity theories secret until it submits its opposition brief.  This is far from "a level playing field."

      Silvergate respectfully requests that the Court enter the preliminary injunction briefing schedule as agreed-upon by the parties, rejecting Bionpharma's demands regarding claim limits; ***or*** order an alternative mechanism by which the parties will address preliminary injunction briefing at a later date, such as that agreed-upon between Silvergate and Amneal.

                 Respectfully,

                 */s/ Megan E. Dellinger*

                 Megan E. Dellinger (#5739)

MED/bac
cc:     All Counsel of Record (via electronic mail)

---

within seven days after sending or receipt of the same.  *See* L. Pat. R. 3.6(j) (D.N.J.); Patent Initial Disclosures 3-8 (E.D. Tex.).  This District has no such local rule.  Because of the time-sensitive nature of preliminary injunctions, Silvergate cannot wait on Bionpharma for disclosure of final approval from FDA, particularly when Bionpharma has represented that it will not provide ***any*** notice whatsoever of an intended launch, even though such launch would be at risk given that other patents are asserted and pending.  Bionpharma's reliance on *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, No. 08-7611 (S.D.N.Y.) (D.I. 212, Ex. A at 2), ignores the fact that defendants in that case offered to provide plaintiffs with notice of approval "within two hours of receipt" from FDA.

[3]    Bionpharma complains that it will be at a "severe disadvantage" because it will have "only two weeks to prepare its opposition papers" based on the parties' agreed-upon briefing dates.  D.I. 207 at 4.  If Bionpharma would like more time, it could provide the Court and Silvergate with notice of intent to launch in sufficient time for a longer briefing schedule.