# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SILVERGATE PHARMACEUTICALS, INC.,

                *Plaintiff*,

    v.

BIONPHARMA INC.

                *Defendant*.

C.A. No. 18-1962 (LPS)
C.A. No. 19-1067 (LPS)
C.A. No. 20-1256 (LPS)



REDACTED VERSION

## DEFENDANT BIONPHARMA'S LETTER IN RESPONSE TO
## PLAINTIFF SILVERGATE'S MARCH 5, 2021 LETTER

Kenneth L. Dorsney (#3726)
Morris James LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
(302) 888-6855
kdorsney@morrisjames.com

*Of Counsel*:

Andrew M. Alul
Roshan P. Shrestha, Ph.D.
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
312-527-4000
aalul@taftlaw.com
rshrestha@taftlaw.com

*Attorneys for Defendant*
*Bionpharma Inc.*

Dated:  March 8, 2021

The Honorable Leonard P. Stark
March 8, 2021
Page 2



March 8, 2021

VIA CM/ECF
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26
Room 6124
Wilmington, DE 19801-3555

**RE:**   ***Silvergate Pharm., Inc. v. Bionpharma Inc.*, C.A. Nos. 18-1962-LPS, 19-1067, 200-1256-LPS (D. Del.)**

Your Honor:

We, along with our co-counsel, Taft Stettinius & Hollister LLP, represent Defendant Bionpharma Inc. ("Bionpharma"). We write in response to the March 5, 2021 letter from Plaintiff Silvergate Pharmaceuticals, Inc. ("Silvergate") (Bionpharma and Silvergate collectively, "the Parties") requesting that the Court enter an order compelling Bionpharma to provide Silvergate with advance notice of any at-risk launch of Bionpharma's ANDA product or, alternatively, setting a briefing schedule for a preliminary injunction ("PI") motion on Silvergate's terms that would in both cases leave Bionpharma at a severe disadvantage (20-1256 D.I. 51; "Silvergate's Letter"). Bionpharma respectfully requests that both of Silvergate's requests be denied, and that the Court instead order a PI briefing schedule that is preceded by a date by when Silvergate should disclose to Bionpharma a reasonable number of patent claims it will assert in connection with its PI motion.

## I.   INTRODUCTION

Bionpharma filed the ANDA that is the subject of these suits back in August of 2018; in response, Silvergate instituted the 18-1962-LPS and 19-1067-LPS actions ("the First Wave Suits") originally asserting 100 claims across four patents which allegedly cover Silvergate's Epaned® (enalapril malate), 1 mg/mL oral solution product: U.S. Patent Nos. 9,669,008 B1, 9,808,442 B2, 10,039,745 B2, and 10,154,987 B2) ("the First Wave Patents"). As Silvergate notes, on February 1-5, 2021, this Court held a 5-day consolidated bench trial involving Silvergate's claims against Bionpharma in the First Wave Suits and against third-party Amneal Pharmaceuticals LLC in C.A. No. 19-678-LPS (involving the same patents). The Parties are completing post-trial briefing in the First Wave Suits.

Shortly after Bionpharma filed its ANDA and the First Wave Suits were filed, Silvergate began filing patent applications seeking considerably broader and different claim coverage, and eventually secured issuance of U.S. Patent Nos. 10,772,868 ("'868 patent"), 10,786,482 ("'482 patent"), and 10,918,621 ("'621 patent) (collectively, "Silvergate's New Patents"). Those

The Honorable Leonard P. Stark
March 8, 2021
Page 3



patents are now the subject of Silvergate's 20-1256-LPS action that Silvergate filed late last year ("Silvergate's New Action"). *See* 20-1256 D.I. 48, Second Am. Compl. There are a total of 88 claims asserted against Bionpharma from these patents, 42 of which (all 30 claims from the'621 patent and 12 claims from the '482 patent) do not even cover Silvergate's Epaned® product.[1]

The 30-month stay of approval for Bionpharma's ANDA product expires April 30, 2021, or earlier should the Court rule in Bionpharma's favor in the First Wave Suits. In a last-ditch attempt to keep Bionpharma out of the enalapril maleate oral solution market, Silvergate now seeks to bury Bionpharma in PI proceedings involving 88 claims across its three New Patents if this Court does not compel Bionpharma to provide advance notice of any at-risk launch.

## II.   BIONPHARMA IS NOT OBLIGATED TO PROVIDE SILVERGATE WITH ADVANCE NOTICE OF ANY AT-RISK LAUNCH

Bionpharma should not be required to provide Silvergate with any advance notice of an at-risk launch. The decision to launch at-risk is a complicated, confidential, and extremely sensitive competitive decision that depends on a number of factors, including supply, commercial scale-up capabilities, and risk-benefit assessment. Silvergate's letter comes forward with no authority for any requirement on the part of Bionpharma to provide Silvergate with advance notice of any at-risk launch.[2] With good reason: what Silvergate really seeks is injunctive relief compelling Bionpharma to provide Silvergate with this highly sensitive information, without Silvergate having to prove that it is entitled to such injunctive relief. Courts in similar circumstances have declined to compel generic defendants to provide brand plaintiffs with advance notice of any at-risk launch. *See, e.g., Teva Pharm. USA, Inc. v. Sandoz, Inc.*, No. 08 Civ. 7611 (BSJ) (AJP), ECF No. 197, Order at 2-3 (S.D.N.Y. Oct. 12, 2010) (attached hereto as Ex. A); *Allergan, Inc. v. Teva Pharm. USA, Inc.*, No. 2:15-CV-1455-WCB, 2017 WL 3676745, at \*1-\*3 (E.D. Tex. Aug. 25, 2017) (Circuit Judge Bryson sitting by designation); *Otsuka Pharm. Co. v. Torrent Pharm. Ltd.*, 99 F. Supp. 3d 461, 471-72 (D.N.J. 2015); *Hoffman-LaRoche, Inc. v. Teva Pharm. USA, Inc.*, 2:11-cv-3635-ES-SCM, ECF No. 124, Ltr. Order (D.N.J. Feb. 5, 2013) (attached hereto as Ex. B); *AstraZeneca LP v. Breath Ltd.*, No. 08 CV 01512 (RMB)(AMD), ECF No. 86, Consent Order at 2-3 (D.N.J. Sept. 8, 2009) (attached hereto as Ex. C).

Bionpharma recognizes the Court's extremely busy docket and is certainly agreeable to minimizing the burden to the Court associated with any PI proceedings. As explained below,

---

[1] Thus, the '621 patent is not listed in the Orange Book for Epaned®, nor is it eligible for listing. *See* 21 U.S.C. § 355(b)(1).

[2] That Amneal has agreed to provide Silvergate with advance notice of any at-risk launch is of no moment. As the first applicant to submit an ANDA for a generic version of Epaned®, Bionpharma is eligible for the 180-day generic exclusivity period, and Amneal cannot currently secure final FDA approval and launch its ANDA product until 6 months after Bionpharma launches its ANDA product. 21 U.S.C. § 355(j)(5)(B)(iv). Thus, Amneal may have agreed to provide advance notice for practical reasons, not because it believes Silvergate is entitled to such information.

The Honorable Leonard P. Stark
March 8, 2021
Page 4



Bionpharma does not oppose the entry of a fair PI briefing schedule, and will agree to forego any at-risk launch of its ANDA product during the pendency of Silvergate's PI motion; that is, <u>Bionpharma will agree to not launch its ANDA product after Silvergate files any PI motion until the Court rules on that motion</u>, to give the Court time to resolve the motion.  But Bionpharma should not be compelled to provide Silvergate with advance notice of any at-risk launch.

It bears worth mentioning that, depending on how the Court rules in the First Wave Suits, that ruling could entirely or partially moot Silvergate's New Action and any PI proceedings.  For example, should the Court find in the First Wave Suits that Silvergate has failed to prove that Bionpharma's ANDA product ████████████████████████████████████████████████████████████████████████, that would moot Silvergate's New Action and the need for any PI proceedings.  Similarly, if the Court rules in favor of Bionpharma's disclosure-dedication defense (*see id.* at 15-18), that would moot the entirety of Silvergate's claims ████████████████████

## III.   THE COURT SHOULD ENTER A FAIR BRIEFING SCHEDULE THAT KEEPS THE PARTIES ON A LEVEL PLAYING FIELD

Bionpharma does not oppose entry of a fair briefing schedule for Silvergate's PI motion, and the specific dates Silvergate proposes at page 2 of its Letter are fine with Bionpharma.  However, Silvergate should be required to disclose in advance to Bionpharma which claims from its New Patents that Silvergate will assert in connection with its motion, which should be no more than a reasonable number of claims (which Bionpharma respectfully submits is three claims from each patent).  Silvergate's New Patents contain a total of 88 claims, and Silvergate cannot reasonably assert all 88 claims in a 20-page PI opening brief.  Silvergate likely knows exactly which claims from each of its New Patents it will assert in connection with its motion, and which it will not, and has likely already started working on its brief and supporting declarations.

The schedule Silvergate has proposed leaves Bionpharma with only two weeks to prepare its opposition papers.  Bionpharma should be permitted to start working on its opposition papers now, but without knowing which claims Silvergate will be asserting leaves Bionpharma at a severe disadvantage.  Silvergate is seeking extraordinary relief, and the parties should be on a level playing field.  Thus, Silvergate should be ordered to disclose by no later than March 12, 2021 the number of claims it will be asserting in connection with its PI motion, which should be no more than 3 claims from each of its New Patents (or a number that the Court deems reasonable).

The Honorable Leonard P. Stark
March 8, 2021
Page 5



## IV.    CONCLUSION

For the foregoing reasons, Bionpharma respectfully requests that the relief Silvergate seeks in connection with its March 5, 2021 Letter (20-1256 D.I. 51) be denied.  Instead, the Court should order Silvergate to disclose by March 12, 2021, which claims from Silvergate's New Patents it will assert in connection with its PI motion, which should be no more than three claims from each patent (or a number that the Court deems reasonable), and then enter the following briefing schedule:  Plaintiff's Opening Brief:  March 23, 2021; Defendant's Answering Brief:  April 6, 2021; Plaintiff's Reply Brief:  April 16, 2021.  We thank the Court for its continued attention to this matter and are available at the Court's convenience for a teleconference to discuss these issues further.


Respectfully submitted,

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (I.D. #3726)

cc: All counsel of record (via CM/ECF and electronic mail)

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                         :
                                         :
TEVA PHARMACEUTICALS USA, INC.,          :
TEVA PHARMACEUTICAL INDUSTRIES LTD.,     :
TEVA NEUROSCIENCE, INC., and             :
YEDA RESEARCH AND DEVELOPMENT CO. LTD.,  :
                                         :      08 Civ. 7611
                    Plaintiffs,          :      (BSJ)(AJP)
                                         :
            v.                           :        **Order**
                                         :
                                         :
SANDOZ, INC., SANDOZ INTERNATIONAL       :
GMBH, NOVARTIS AG, and MOMENTA           :
PHARMACEUTICALS, INC.                    :
                                         :
                    Defendants.          :
----------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Currently before the Court is Plaintiffs' request that the Court order Defendants to provide the Court and Plaintiffs with ten days notice prior to launch of Defendants' intent and ability to launch their product. For the reasons provided below, Plaintiffs' request is DENIED.

**DISCUSSION**

Earlier this year, Plaintiffs asked the Court to order Defendants to provide the Court and Plaintiffs with, at least, ninety days prior notice of Defendants' ability and intent to launch their product. The Court held a hearing regarding Plaintiffs' request in September of this year. At the hearing,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/10

the Court directed the parties to attempt to reach an agreement
regarding Plaintiffs' request.

The parties were unable to reach an agreement. Although
Defendants agreed to provide Plaintiffs with notification of
approval from the Food and Drug Administration ("FDA") within
two hours of receipt, that did not satisfy Plaintiffs. Backing
off their request for at least ninety days prior notice,
Plaintiffs now argue that they need, at a minimum, ten days
prior notice of Defendants' intent and ability to launch their
product. In addition to offering to post a bond to alleviate
Defendants' concerns regarding possible monetary loss during the
notice period, Plaintiffs argue that ten days prior notice is
the minimum amount of time they would need to file a motion for
preliminary injunction and a temporary restraining order.

While other courts may have, in other circumstances,
ordered generic drug makers to provide another party with notice
of its intent and ability to launch, the Court finds that it is
unnecessary to do so here. Defendants are under no legal
obligation to provide Plaintiffs with notice of its intent and
ability to launch. Plaintiffs' request amounts, in essence, for
the Court to order Defendants to provide Plaintiffs with
confidential business information, which, for all intent and
purposes, would function as an injunction by prohibiting

2

Defendants from launching their product even if they have FDA approval and the thirty-month statutory stay period has expired.

Plaintiffs may ultimately be correct that Defendants unwillingness to provide Plaintiffs with notice prior to launch means that Defendants intend to take their product to market immediately upon receiving FDA approval and after the thirty-month stay has expired. While the Court appreciates Plaintiffs' desire to avoid saddling the Court with an emergency and possibly unnecessary request for a temporary restraining order, the Court is confident that Rule 65 of the Federal Rules of Civil Procedure provides more than ample recourse for addressing Plaintiffs' concerns.

### CONCLUSION

For the reasons provided above, Plaintiffs' request for an order directing Defendants to provide the Court and Plaintiffs with ten days notice prior to launch of Defendants' intent and ability to launch their product is DENIED.

SO ORDERED:

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**


Dated:     New York, New York
           October 12, 2010


3

# Exhibit B

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

February 5, 2013

## LETTER ORDER

Re:    *Hoffman-LaRoche, Inc. v. Teva Pharmaceuticals USA, Inc, et al.*
       <u>Civil Action No. 11-3635 (ES)</u>

Dear Counsel:

Pending before this Court is Plaintiff Hoffman-LaRoche, Inc.'s ("Plaintiff" or "Roche") request that Defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceuticals Industries Ltd. ("Defendants" or "Teva") provide advance notice of an at-risk launch of Teva's generic product to the Court and Roche. The Court has considered the parties' positions in the joint submission dated January 18, 2013. (D.E. No. 119). The Court further notes that: (1) the 30-month stay in this matter has expired, (2) U.S. Patent No. 5,472,949 is set to expire on December 14, 2013, and (3) trial is scheduled for June 10, 2013. For the reasons set forth below, Roche's request is denied.

Although this Court recognizes that it has discretion to manage its docket, the Court finds that Teva has no obligation to provide notice of its intent to launch its generic version of Xeloda® at risk – which is indisputably confidential, sensitive business information. The Court notes, however, that Teva has acknowledged that it has a continuing obligation to provide Roche with correspondence with the FDA regarding its generic product.

Further, the Court is not persuaded by Roche's arguments that the Court has the authority to order advance notice of its intent to launch in the absence of an agreement by Teva. *See AstraZeneca LP v. Osmotica Pharms. Corp.*, No. 10-4203, D.E. No. 42, at 2 (D.N.J. Nov. 16, 2010) (denying request for 45 days advance notice of launch of generic products); *AstraZeneca LP v. Breath, Ltd.*, No. 08-1512, D.E. No. 86, at 3 (D.N.J. Sept. 8, 2009) ("[T]he Court does not believe it has legal authority to grant such relief."); *Novartis Pharms. Corp. v. Mylan Pharms.*, No. 06-2885, 9/22/08 Tr. 6:3-8 (D.N.J.) (observing that Court is "reluctant" to require advance notice because the Court was "not comfortable in determining that that is within [the Court's] power to do"); *Novartis Corp. v. Teva Pharms. USA, Inc.*, Nos. 04-4473, 06-1130, 2007 WL 1695689, at \*30 (D.N.J. June 11, 2007) ("Teva was under no obligation to provide notice."); *Warner-Lambert Co. v. Purepac Pharm. Co. (In re Gabapentin Patent Litig.),* No. 00-2931, 09/24/04 Tr. 101:21-24 (D.N.J.) ("I am not going to impose any legal obligation on anyone to, as I said, adjust their business to what might be considered a nicety of court proceedings.").

Accordingly, at this time, the Court finds that Federal Rule of Civil Procedure 65 provides an adequate recourse should Teva launch its generic product.  For the reasons provided above, Plaintiff's request for an order directing Defendants to provide the Court and Plaintiff with advance notice of its intent to launch is denied.

**SO ORDERED.**

_s/Esther Salas_____
**Esther Salas, U.S.D.J.**

# Exhibit C

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRAZENECA LP and ASTRAZENECA AB,<br><br>      Plaintiffs,<br><br>    v.<br><br>BREATH LIMITED,<br><br>      Defendant. | ) ) ) ) ) ) Consolidated Civil Action No. 08 CV 01512 ) (RMB)(AMD) ) ) ) ) |
| ASTRAZENECA LP and ASTRAZENECA AB,<br><br>      Plaintiffs,<br><br>    v.<br><br>APOTEX, INC. and APOTEX CORP.,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

### CONSENT ORDER

**THIS MATTER** having been presented to the Court via telephone conference on August 12, 2009, in response to a letter application, dated July 31, 2009, submitted by Plaintiffs AstraZeneca LP and AstraZeneca AB (collectively, "AstraZeneca") and the parties having consented to the form and entry hereof, and upon good cause having been shown,

**IT IS** on this 8th day of _September_, 2009,

**ORDERED** that:

1.    AstraZeneca's letter application, in which it sought to have the Court enter an order directing that Defendant Breath Limited ("Breath") be ordered to provide advance notice of any anticipated launch of, or any launch plans concerning, its proposed

2

3985936_2.DOC

budesonide inhalation suspension products that are the subject of this litigation, is denied for the reasons set

forth in the record of these proceedings, including because the Court does not believe it has legal authority to grant such relief.

2. In accordance with Breath's agreement during the said telephone conference, Breath shall produce to AstraZeneca each and every written submission, letter or other non-privileged document recording a communication to or from the U.S. Food and Drug Administration in connection with Breath's ANDA No. 78-404 within five (5) business days of such submission, receipt or communication.

SO ORDERED:

HON. RENEE MARIE BUMB
UNITED STATES DISTRICT JUDGE

We hereby consent to the form and entry of this Order:

By: William J. Heller
Jonathan M.H. Short
McCARTER & ENGLISH
Four Gateway Center
100 Mulberry Street
Newark, New Jersey  07102
(973) 622-4444

Denise L. Loring
Christopher J. Harnett
Pablo D. Hendler
Derek M. Kato
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York  10036
(212) 596-9000

By: Arnold B. Calmann
Jane Jhun
SAIBER LLC
One Gateway Center, 13th Floor
Newark, New Jersey  07102-5311
(973) 622-3333

William A. Rakoczy
Paul J. Molino
Deanne M. Mazzochi
Amy D. Brody
Tara M. Raghavan
RAKOCZY MOLINO MAZZOCHI
SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois  60654

3

3985936_2.DOC

*Attorneys for Plaintiffs*
*AstraZeneca LP and AstraZeneca AB*

(312) 527-2157
*Attorneys for Defendant*
*Breath Limited*

4

**CERTIFICATE OF SERVICE**

I, Kenneth L. Dorsney, hereby certify that on March 8, 2021, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to

the  registered attorney(s) of record that the document has been filed.

I further certify that on the same date the attached document was electronically mailed to

the following person(s):

Jack B. Blumenfeld
Megan Dellinger
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
mdellinger@mnat.com

*Attorneys for Silvergate Pharmaceuticals, Inc.*

Natalie J. Morgan
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real
Suite 200
San Diego, CA 92130-3002
(858) 350-2300
nmorgan@wsgr.com

Kristina M. Hanson
Yan-Xin Li
Wendy L. Devine
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000
thanson@wsgr.com
yxli@wsgr.com
wdevine@wsgr.com

Talin Gordnia
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
tgordnia@wsgr.com
silvergate_bionpharma@wsgr.com

*Attorneys for Silvergate Pharmaceuticals, Inc.*

Dated: March 8, 2021

_/s/ Kenneth L. Dorsney_
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

_Attorneys for Defendant Bionpharma, Inc._