**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SILVERGATE PHARMACEUTICALS, INC., *Plaintiff*, v. BIONPHARMA INC. *Defendant*. | C.A. No. 18-1962 (LPS) C.A. No. 19-1067 (LPS) |

**DEFENDANT BIONPHARMA'S RESPONSE TO PLAINTIFF SILVERGATE'S**
**MOTION TO DEFER BRIEFING ON BIONPHARMA'S**
**MOTION FOR ATTORNEY FEES PURSUANT TO 35 U.S.C. § 285**

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
Phillips, McLaughlin & Hall, P.A.
1200 North Broom Street
Wilmington, DE  19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Of Counsel*:

Andrew M. Alul
Roshan P. Shrestha, Ph.D.
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
312-527-4000
aalul@taftlaw.com
rshrestha@taftlaw.com

*Attorneys for Defendant*
*Bionpharma Inc.*

Dated: May 14, 2021

Defendant Bionpharma Inc. ("Bionpharma") respectfully submits the instant Response to Plaintiff Silvergate Pharmaceuticals, Inc.'s ("Silvergate") Motion to Defer Briefing on Bionpharma's Exceptional Case Motion (D.I.[1] 280) ("Silvergate's Motion").

Bionpharma regrets that the issue of whether to defer briefing on Bionpharma's Motion for Attorney Fees Pursuant to 35 U.S.C. § 285 (D.I. 276) ("Bionpharma's Fee Motion") needed to be presented to the Court as a contested Motion by Silvergate.  In Bionpharma's defense, Bionpharma *had no notice* that Silvergate would be filing the instant Motion.  While Silvergate did state its position that Bionpharma's Fee Motion was "premature" during the parties May 12, 2021 meet and confer concerning Bionpharma's Fee Motion,[2] Silvergate never stated or even suggested that it would be filing the instant Motion.

Silvergate is correct that Bionpharma intends to seek to recoup its appellate fees should this Court grant Bionpharma's Fee Motion.   D.I. 280, Silvergate's Motion at 3; D.I. 277, Bionpharma's Br. in Supp. of its Fee Mot. at 19.  In fact, Bionpharma has proposed that proof of fees occur within 21 days after entry of an order granting Bionpharma's Fee Motion or issuance of the Federal Circuit's mandate affirming this Court's April 29, 2021 Final Judgment, whichever is later, if the parties cannot agree to a fee award after negotiation.   D.I. 277, Bionpharma's Br. in Supp. of its Fee Mot. at 20.  Thus, Bionpharma recognizes that Court and party resources may be conserved by deferring any further briefing until after resolution of

---

[1] All "D.I." references are to the 18-1962-LPS docket.

[2] Any suggestion from Silvergate that Bionpharma failed to provide Silvergate with adequate notice that Bionpharma would be filing its Fee Motion is simply false.  As explained in Bionpharma's Brief in Support of its Fee Motion (D.I. 277) ("Bionpharma's Fee Motion Brief"), Bionpharma *repeatedly* notified Silvergate throughout the course of this litigation that, if the Court entered judgment in Bionpharma's favor, Bionpharma would be seeking an exceptional case finding and attorney fees.  *See, e.g.*, D.I. 277, Bionpharma's Fee Mot. Br. at 9-10.  Thus, Silvergate knew full well that, following entry of judgment of non-infringement in Bionpharma's favor, Bionpharma would be pursuing an exceptional case finding against Silvergate and its fees.

Silvergate's appeal, and thus Bionpharma does not oppose Silvergate's request to defer briefing.[3]
Bionpharma does respectfully request, however, that after issuance of the Federal Circuit's
mandate, an expedited schedule be put in place for the remainder of briefing associated with
Bionpharma's Fee Motion, as Bionpharma respectfully submits that it has been financially
prejudiced by having to proceed with this exceptionally meritless litigation,[4] and any delay in
resolving Bionpharma's Fee Motion only serves to further financially prejudice Bionpharma.
Thus, Bionpharma respectfully proposes that, in the event that the Federal Circuit affirms this
Court's judgment of non-infringement, Silvergate be ordered to file its response to Bionpharma's
Fee Motion within seven (7) days of issuance of the Federal Circuit mandate, and Bionpharma be
ordered to file its reply papers five (5) days thereafter.

*      *      *

Bionpharma thanks the Court for its continued attention to this matter.

Dated:  May 14, 2021

/s/ Megan C. Haney
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
Phillips, McLaughlin & Hall, P.A.
1200 North Broom Street
Wilmington, DE  19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

---

[3] Silvergate's alternative proposal—that Bionpharma's Fee Motion should be denied without prejudice to renew—should be denied, as Bionpharma's Fee Motion is already on file, and any further developments between now and resolution of Silvergate's appeal relevant to Bionpharma's Fee Motion can be addressed in the remaining briefing associated with Bionpharma's Fee Motion after the appeal is resolved, and/or even connection with short supplemental briefing.

[4] *See* D.I. 277, Bionpharma's Br. in Supp. of Its Fee Mot. at 1-5.

2

*Of Counsel*:

Andrew M. Alul
Roshan P. Shrestha, Ph.D.
Taft, Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
312-527-4000
aalul@taftlaw.com
rshrestha@taftlaw.com

*Attorneys for Defendant*
*Bionpharma Inc.*