IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SILVERGATE PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BIONPHARMA INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 18-1962 (LPS) <br> ) C.A. No. 19-1067 (LPS) <br> ) <br> ) **REDACTED - PUBLIC VERSION** <br> ) <br> ) |
| SILVERGATE PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMNEAL PHARMACEUTICALS LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 19-678 (LPS) <br> ) **REDACTED - PUBLIC VERSION** <br> ) |

**SILVERGATE PHARMACEUTICALS, INC.'S UNOPPOSED
RENEWED MOTION TO SEAL AND REDACT CERTAIN PORTIONS
OF THE FEBRUARY TRIAL TRANSCRIPTS**

Pursuant to the Court's Order on July 8, 2021 (D.I. 296)[1], Rule 5.2 of the Federal Rules of Civil Procedure, and this Court's policy on the electronic availability of transcripts of court proceedings, Plaintiff Silvergate Pharmaceuticals, Inc. ("Silvergate") respectfully moves for an order redacting limited terms and phrases, and to seal the unredacted transcripts, of the sealed portions of the last two days of testimony (D.I. 200 & 202) from the bench trial held before this Court from February 1, 2021 to February 5, 2021. The proposed redactions are set forth in attached Exhibits 1-2 and copies of the same with these redactions applied are attached as Exhibits 3-4.

Original Filing Date: July 23, 2021
Redacted Filing Date: July 30, 2021

---

[1] Unless stated otherwise, all docket cites reference C.A. No. 18-1962.

1

I.      **LEGAL STANDARDS**

The public has a presumptive right of access to judicial proceedings and filings. *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019). This presumptive "right of access is 'not absolute.'" *Id.* (internal citations omitted). A party can overcome the presumption with a "show[ing] 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (internal citations omitted). Silvergate's confidential financial information is the type that courts generally protect and Silvergate has demonstrated a clearly defined and serious injury if that information were made public.

II.     **SILVERGATE WILL FACE COMPETITIVE HARM IF THE COURT DOES NOT GRANT THE REQUEST FOR REDACTION**

Silvergate, through the testimony of one of Silvergate's experts, Dr. Jesse David, presented evidence relating to Silvergate's confidential financial information and strategy. *See generally* D.I. 200. Additionally, Amneal's expert, Ivan Hofmann, referred to Silvergate's confidential financial information during his testimony. *See generally* D.I. 202.

The confidential information Silvergate seeks to redact from D.I. 200 and D.I. 202 specifically relates to (1) pricing information of the Epaned® ready-to-use product and the Epaned® Kit, including rebate information; (2) market share information regarding the Epaned® ready-to-use product and the Epaned® Kit; (3) sales volume of the Epaned® ready-to-use product and the Epaned® Kit; and (4) total costs, including research and development costs and manufacturing costs. *See generally* George Decl.[2] This information could be utilized by a competitor to

---

[2]     George Decl. refers to the Declaration of Hanok M. George in Support of Plaintiff Silvergate Pharmaceuticals, Inc.'s Renewed Motion to Seal and Redact Certain Portions of the February Trial Transcripts.

2

undermine and harm Silvergate's business interests, including by undercutting Silvergate's pricing or gaining insight into Silvergate's confidential business strategy and should be redacted.[3]  *Id.* at ¶ 4.  Additionally, this information has always been treated as confidential and kept secure in the ordinary course of business.  *Id.* at ¶ 5.

Indeed, courts in the Third Circuit routinely order redacted confidential financial information, such as pricing information and market share data.  *Invention Submission Corp. v. Taylor Mack Enters.*, C.A. No. 21-15, 2021 WL 914209 at *2-*3 (W.D. Penn. March 10, 2021) (redacting "marketing and business strategies and related pricing and compensation structures" because that is "the type of information that derives independent economic value from not being generally known by others" and because "if these pieces of information were to be released to the public it would materially harm [p]laintiff's competitive standing . . . and give competitors an advantage"); *Cutsforth, Inc. v. Lemm Liquidating Co.*, C.A. No. 17-1025, 2020 WL 772442 at *2-*3 (W.D. Penn. Feb. 18, 2020) (ordering redacted information "related to the pricing of its product, which include the following: the price differential between its product and Defendant's product, the average selling price of its product, pricing discounts on the product, cost of manufacturing the product, other revenue or profit information on the product and number of sales of the product"); *Telebrands Corp. v. Newmetro Design, LLC*, C.A. No.: 2:16-cv-01981 (WHW-CLW), 2016 WL 9211696 at *2 (D.N.J. July 18, 2016) ( "This Court may seal confidential information from disclosure to the public, including where such information may harm a party's competitive standing in the marketplace.  Such confidential [information] may include non-public business and marketing plans, sales, costs, profit, revenue, market share data, and proprietary manufacturing

---

3 [redacted]

processes."); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."); *Intellectual Ventures I LLC v. AT&T Mobility LLC*, C.A. No. 12-193-LPS, 2014 WL 4445953, at *4 (D. Del. Sept. 8, 2014) (granting unopposed motion to redact portions of a discovery dispute conference transcript as the "proposed redactions involve confidential and sensitive business information of the type that should be protected from public disclosure"); *Mosaid Techs., Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 511 (D. Del. 2012) ("[T]erms that relate to pricing, valuation, monetary payments, and financial information should be protected.").

As in *Invention Submission*, *Cutsforth*, and *Telebrands Corp.*, Silvergate's confidential financial information has independent economic value from not generally being known. Additionally, Silvergate's confidential financial information would harm Silvergate's competitive standing while giving Silvergate's competitors an advantage by, for example, allowing competitors to undercut Silvergate on price or gain insight into Silvergate's business strategy. George Decl. ¶ 4. Furthermore, Silvergate's proposed redactions are minimal—limited to numerical data and 7 discrete terms—and necessary only to protect Silvergate's confidential business information, as indicated in the tables below:

| Citations for February 4, 2021 |
|---|
| 1046:6 |
| 1046:10 |
| 1047:5 |
| 1047:15-16 |
| 1047:20 |
| 1050:23-25 |
| 1051:8 |
| 1052:11 |
| 1052:25 |
| 1053:1-2 |
| 1053:4 |

| Citations for February 5, 2021 |
|---|
| 1171:8 |
| 1172:5-6 |
| 1172:15 |
| 1172:18 |
| 1178:9 |
| 1180:14 |
| 1180:17-18 |
| 1180:21-22 |
| 1183:7 |
| 1183:9 |
| And associated index entries |

| |
|---|
| 1053:22 |
| 1053:24 |
| 1054:13 |
| 1054:17 |
| 1054:19 |
| 1056:20 |
| 1057:5 |
| 1057:7 |
| 1058:14-15 |
| 1058:21 |
| 1058:25 |
| 1059:1-2 |
| 1059:8 |
| 1059:10-11 |
| 1059:15-16 |
| 1059:20 |
| 1059:22 |
| And associated index entries |

Allowing Silvergate's minimal redactions would protect Silvergate's interest in protecting the confidentiality of Silvergate's financial information and confidential business practices from competitors while not appreciably infringing upon the public's right of access. George Decl. ¶ 4. Indeed, because this case involves private litigants and their confidential information, there is no "legitimate public interest" in the proposed redactions. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994). Therefore, Silvergate's interest in maintaining the confidentiality of the proposed redacted information outweighs the limited public interest in such information. *See id.* ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality."). Furthermore, given the limited nature of the redactions, the public will not be harmed, because readers should still be able to understand the overall nature of the testimony and the disputes

between the parties without these limited redactions of specific numerical data and 7 discrete terms that constitute Silvergate's competitively sensitive business information.

### III. CONCLUSION

For the foregoing reasons, Silvergate respectfully requests that this Court seal the unredacted version of Days 4 and 5 of the trial transcripts (D.I. 200 & 202) and order that the public versions filed on the docket include the redactions identified in Exhibits 1-2, as applied in Exhibits 3-4.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL: | */s/ Megan E. Dellinger* |
|  | |
| Wendy L. Devine | Jack B. Blumenfeld (#1014) |
| Kristina M. Hanson | Megan E. Dellinger (#5739) |
| Jody Karol | 1201 North Market Street |
| WILSON SONSINI GOODRICH & ROSATI | P.O. Box 1347 |
| One Market Plaza, Spear Tower, | Wilmington, DE 19899 |
| Suite 3300 | (302) 658-9200 |
| San Francisco, CA 94105 | jblumenfeld@morrisnichols.com |
| (415) 947-2000 | mdellinger@morrisnichols.com |
|  |  |
| Natalie J. Morgan | *Attorneys for Plaintiff Silvergate* |
| WILSON SONSINI GOODRICH & ROSATI | *Pharmaceuticals, Inc.* |
| 12235 El Camino Real, Suite 200 |  |
| San Diego, CA 92130-3002 |  |
| (858) 350-2300 |  |
|  |  |
| Ty W. Callahan |  |
| Granville C. Kaufman |  |
| WILSON SONSINI GOODRICH & ROSATI |  |
| 633 West Fifth Street, Suite 1550 |  |
| Los Angeles, CA 90071 |  |
| (323) 210-2900 |  |

July 23, 2021